IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL A. LANDRAU-MELENDEZ,  :
    Petitioner  :
      :
v.  : CIVIL NO. 3:CV-16-1934
      :
BRENDA TRITT,  : (Judge Conaboy)
      :
    Respondent  :

FILED
SCRANTON
- 1 - 2018

____ CLERK

## MEMORANDUM
### Background

    Miguel A. Landrau-Melendez filed the above captioned pro se habeas corpus action pursuant to 28 U.S.C. § 2254 while confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville). Petitioner recently notified the Court that he has been released from prison and is residing in Lebanon, Pennsylvania. Named as Respondent is SCI-Frackville Superintendent Brenda Tritt. Service of the petition was previously ordered.

    Petitioner was charged with unlawful contact with a minor (two counts); criminal solicitation to commit statutory sexual assault; criminal use of a communication facility; multiple counts of indecent assault, possession of obscene and other sexual material (three counts), corruption of minors (two counts); and open lewdness. The charges stemmed from several incidents in 2009-2010 involving the sexual abuse of two minor sisters.

    On October 4, 2010, Petitioner entered a guilty plea with the assistance of privately retained counsel in the Lebanon County,

1

Pennsylvania Court of Common Pleas. The court conducted a guilty plea colloquy with Landrau-Melendez informing him that sentencing was up to the court's discretion and that a plea withdrawal at a later date would be unlikely to occur. Several days later, Petitioner requested his attorney to file a motion to withdraw the plea, but counsel indicated that based upon the colloquy he believed that Petitioner would not be permitted to withdraw his plea and refused to file the requested motion.

A hearing was thereafter conducted by the sentencing court on January 31, 2011 and May 31, 2011 pertaining to the issue of whether Landrau-Melendez should be designated a sexually violent predator under Megan's Law. The trial court issue a ruling in favor of the Petitioner.

The following day during a scheduled sentencing proceeding, Landrau-Melendez indicated that he wished to withdraw his plea. As a result, sentencing was continued. On June 27, 2011, Petitioner's request to withdraw his plea was denied. Landrau-Melendez was subsequently sentenced to a one and a half (1 ½) to six (6) year term of imprisonment on July 13, 2011.

Following a direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence. See Commonwealth v. Landrau-Melendez, 55 A.3d 152 (Pa. Super. July 31, 2012)(Table). A petition for allowance of appeal to the Pennsylvania Supreme Court was not pursued.

On October 12, 2012, Melendez filed a timely counseled

2

petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). See 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991). Following a hearing, Landrau-Melendez's PCRA petition was granted and a new trial was ordered on the grounds that trial counsel provided ineffective assistance for failure to file a timely motion to withdraw the guilty plea.

Following an appeal by the Commonwealth, the Superior Court reversed the granting of PCRA relief on February 18, 2014 and reinstated Landrau-Melendez's conviction. A petition for allowance of appeal was dismissed by the Pennsylvania Supreme Court on March 21, 2014 as being untimely.

On March 30, 2015, Petitioner filed a second PCRA action. Following a hearing, Landrau-Melendez's appeal rights were reinstated. However, the PCRA Court subsequently reversed that decision on July 27, 2015 and dismissed the second PCRA as being untimely but indicated that a third PCRA petition would be entertained.

Landrau-Melendez filed a third PCRA action on August 10, 2015. This petition was granted by the trial court on August 31, 2015 and Petitioner's appeal rights were reinstated. Following a timely

3

appeal by the Commonwealth, the Superior Court reversed on the grounds that the third PCRA action was untimely and again reinstated the conviction. See Commonwealth v. Landrau-Melendez, 2016 WL 5361341 *1 (Pa. Super. July 15, 2016). A further appeal was not filed.

Petitioner's pending action argues that he is entitled to federal habeas corpus relief because he received ineffective assistance of counsel. Specifically, Landrau-Melendez asserts that his privately retained defense counsel provided him with misleading advice and pressured him into entering a guilty plea (Ground One). The Petitioner next argues his attorney falsely implied that there was a possibility he would serve a one year sentence at the Lebanon County Prison (Ground Two).

Ground Three claims that counsel failed to advise Petitioner of the nature and consequences of the sentence. Petitioner's remaining argument, Ground Four, contends that the trial court abused its discretion by not allowing him to withdraw his guilty plea.

Respondent seeks dismissal of the petition on the basis that it is untimely. See Doc. 15-55, p. 6. It is also asserted by the Respondent that Landrau-Melendez's claims lack merit. Petitioner has not filed a reply ot otherwise opposed Respondent's response.

## Discussion

### Timeliness

Section 2244(d) of Title 28 of the United States Code

provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of *direct review* of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court.")(emphasis in original). However, the period during which a Section 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

As noted above, the running of limitations period is suspended

for the period when properly-filed state post-conviction proceedings are pending in any state court. However, an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). Furthermore, federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed." Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003).

It is additionally noted that the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Respondent's pending untimeliness argument asserts that Petitioner's conviction became final on August 30, 2012. This determination conflicts with a earlier assertion by Respondent in the same filing (Doc. 15-55, p. 4) which states that Petitioner's direct appeal was denied by the Superior Court on September 10, 2012.

The Pennsylvania Superior Court denied Petitioner's direct appeal on July 31, 2012. See Landrau-Melendez, 55 A. 3d 152. It is undisputed that Petitioner did not seek further review from the Pennsylvania Supreme Court. As such, under the principles

6

announced in § 2244(d)(1)(A) the limitations period began to run thirty (30) days later, as of August 31, 2012, when the period for seeking review by the Pennsylvania Supreme Court expired.

Second, the Respondent concedes that approximately six weeks later, the running of the limitations period was statutorily tolled during the period when Petitioner's initial PCRA action was pending before the Pennsylvania state courts (October 11, 2012 - March 18, 2014). While Landrau-Melendez did file a second as well as a third PCRA petition, those actions were found to be untimely by the Superior Court. See Landrau-Melendez, 2016 WL 5361341 at * 4 (recognizing that Petitioner's second and third PCRA actions were both untimely). Therefore under the standards set forth in Merritt and Fahy, this Court is bound by the state courts' determinations that the second and third PCRA actions were untimely and thus, those actions did not suspend the running of the limitations period.

A review of the submitted record establishes that the one year limitations period restarted as of March 18, 2014. This matter is dated September 18, 2016 and will be deemed filed as of that date.. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court). Based upon the above described unopposed determinations regarding statutory tolling, Landrau-Melendez's pending federal petition was clearly not initiated within the § 2244(d) one year limitations period as this action was filed more

7

then two years after the final disposition of Petitioner's first PCRA action.

Landrau-Melendez has not filed a reply to the untimeliness argument. As such, Petitioner makes no argument that he is entitled to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A habeas petitioner may establish grounds for equitable tolling by showing that (a) the government has actively misled the petitioner; (b) the rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his rights." Jones, 195 F.3d at 159. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy , 240 F.3d at 244. It is noted that equitable tolling extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990). In Johnson v. Hendricks, 314 F. 3d 159, 163 (3d Cir. 2002), the Third Circuit Court of Appeals reiterated that attorney error was not a sufficient basis for equitable tolling. It is also noted that this is not a case where the Commonwealth allegedly failed to produce favorable evidence to a criminal defendant.

Based upon an application of the standards announced in Pace,

8

Jones, and Fahy, and Landrau-Melendez's failure to present an equitable tolling argument the request that the petition be dismissed as untimely is meritorious.

Although Petitioner's state court proceedings were lengthy and complicated, Petitioner has not even attempted to establish entitlement to equitable tolling and despite his entitlement to statutory tolling for the pendency of his initial PCRA action his § 2254 petition was clearly filed after the expiration of the § 2244(d) limitations period. Consequently, it must be determined that this matter is time barred and is precluded from consideration. For the reasons set forth below, assuming arguendo that Petitioner is entitled to equitable tolling, his pending claims must fail.

**Merits Analysis**

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[1] See generally, Knowles v. Mirzayance, U.S. 111, 114 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court of the United States has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are

---

[1] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

10

presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. See 28 U.S.C. § 2254(e)(1).

A habeas petitioner "faces a heavy burden in challenging the voluntary nature of his guilty plea." Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir. 1991). A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea

11

based on unfulfilled promises or representations "must advance specific and credible allegations." Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).

Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea. The United States Court of Appeals for the Third Circuit has stated that the only consequences considered direct are the maximum prison term and fine for the offense charged. Parry v. Rosemeyer, 64 F.3d 110, 113-14 (3d Cir. 1995). There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable. Belle v. Varner, 2001 WL 1021135 *10 (E.D. Pa. 2001).

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). In Deputy, the United States Court of Appeals for the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Jermyn v. Horn, 266

12

F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation

13

omitted).[2] At the time of Petitioner's state court proceedings, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Pierce, 527 A.2d 973, 975-77 (Pa. 1987). The Third Circuit Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the United States Supreme Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of Strickland or were based on an unreasonable determination of the facts. Jacobs, 395 F.3d at 107 n.9; Werts, 228 F.3d at 204.

As previously noted, Petitioner claims that he was coerced

---

[2] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

14

into entering a guilty plea, his counsel erred by not filing a motion to withdraw his guilty plea, and the trial court abused its discretion in denying his eventual motion to withdraw. It is initially noted that the undisputed record shows that Landrau-Melendez was represented by privately retained counsel. As such, the first prong of Broce was clearly satisfied. There is also no indication that this is a situation where defense counsel made no effort to prepare and undertake a criminal defense as the plea agreement was not reached until the beginning of jury selection.

With respect to the issue of whether the plea was voluntary, the undisputed record shows that an oral guilty plea colloquy was conducted to ensure that Petitioner's plea was knowing and voluntary. During that colloquy, the trial court emphasized that the plea was an open one and Petitioner was advised that sentencing was entirely discretionary and it was not obligated to impose any particular sentence. Moreover, Petitioner was forewarned that "a plea withdrawal at a later date would be extremely unlikely to occur." Landrau-Melendez, 2016 EL 5361341 at * 1. There is no claim that a improper guilty plea colloquy had been conducted. Moreover, even if trial counsel's performance was deficient for providing misinformation, there is no basis for relief. See United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007)(defense counsel's conjectures to his client about sentencing are irrelevant where in-court guilty plea colloquy clearly establish the defendant's maximum potential exposure and the sentencing court's

15

discretion).

Prior to sentencing, a hearing was conducted by the trial court on the Petitioner's motion to withdraw his plea, and the motion was denied based upon a determination that the Commonwealth would be prejudiced. On direct appeal, the Superior Court addressed an argument that the trial court abused its discretion by not allowing Petitioner to withdraw his plea. See Doc. 15-30. The Superior Court, noting that there was no absolute right to withdraw a guilty plea, found that there was evidence that because this was a case involving child victims the Commonwealth would have been prejudiced if Landrau-Melendez was permitted to withdraw his plea. As such, it determined that the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea.

On PCRA appeal, the Superior Court of Pennsylvania addressed a claim that trial counsel was ineffective for not filing a timely motion to withdraw Petitioner's guilty plea. The Superior Court concluded that the PCRA court's assertions demonstrated that there was a reasonable probability that the outcome would **not** have been different if plea counsel had filed a timely motion to withdraw. As such, the Superior Court concluded that Petitioner had failed to demonstrate prejudice.

Like the scenario addressed in Layne v. Moore, 90 Fed. Appx. 418 (3d Cir. 2004), where the Third Circuit addressed a claim of alleged coercion by defense counsel, this is a case where there was a knowing and voluntary guilty plea as evidenced by the fact that

16

Petitioner was represented by an attorney of his own choosing and the trial court conducted an oral colloquy to ensure that the plea was voluntary.

Based upon a review of the decisions of the trial court and the Superior Court addressing the issues of whether trial counsel was ineffective for not filing a timely motion to withdraw Petitioner's guilty plea or that the trial court abused its discretion in denying the subsequent motion to withdraw, there is nothing to suggest that the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, constituted an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court or that there was an unreasonable determination of the facts.

In conclusion, Petitioner has not satisfied his burden of establishing any entitlement to federal habeas corpus relief. Accordingly, his habeas corpus petition will be denied. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 18th, 2018